**SO ORDERED.**

**SIGNED this 21 day of September, 2010.**



*Dale L. Somers*
Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

___

Opinion designated for print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: <br><br> MELINDA SUE CARMICHAEL, <br><br> DEBTOR. | CASE NO. 06-10952 <br> CHAPTER 7 |
| EDWARD J. NAZAR, Trustee, <br><br> PLAINTIFF, <br><br> v. <br><br> MELINDA SUE CARMICHAEL, MATTHEW MILLIGAN, AND EQUITY ONE, INC., by POPULAR MORTGAGE SERVICING, INC., <br><br> DEFENDANTS. | ADV. NO. 09-5291 |

**MEMORANDUM OPINION AND ORDER GRANTING
MELINDA SUE CARMICHAEL'S MOTION FOR SUMMARY JUDGMENT**

The matter before the Court is Defendant-Debtor Melinda Sue Carmichael's

Motion for Summary Judgment on the Plaintiff-Trustee's Complaint for Turnover and Complaint for Sale of Co-Tenant's Interest, by which the Trustee seeks to sell the Debtor's homestead in an effort to recover the value of an unperfected lien in Debtor's manufactured home which was previously avoided and preserved for the benefit of the estate. The Plaintiff, Chapter 7 Trustee Edward J. Nazar, appears by Jeffrey W. Rockett of Redmond & Nazar, L.L.P. The Defendant-Debtor, Melinda Sue Carmichael, appears by January M. Bailey of the Eron Law Office, P.A. Defendant 21 Asset Management Holding, LLC, successor and assign of Defendant Popular Mortgage Servicing, Inc., appears by Steven M. Leigh of Martin, Leigh, Laws & Fritzlen, P.C. There are no other appearances. The Court has jurisdiction.[1] There is no filed objection to venue or jurisdiction over the parties, but the Court finds no basis in the record for the exercise of jurisdiction over Defendant Matthew Milligan.[2]

**Findings of Fact.**

The material facts are established by the record in this proceeding, the main case, and the lien avoidance adversary proceeding. On May 25, 2005, Matthew Milligan, but not Debtor, executed an adjustable-rate note for $70,000 with lender Popular Financial

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (N).

[2] A review of the docket sheet does not show service on Defendant Matthew Milligan, and he has not appeared in this action.

Services, LLC, which note was later assigned to Equity One, Inc. It appeared in Debtor's bankruptcy case by Popular Mortgage Servicing, Inc., whose interest has now been assigned to 21 Asset Management Holding, LLC (for convenience, these four companies are hereafter referred to as "Lender"). The note was secured by a mortgage on property located at 10311 Lori Drive, Mulvane, Kansas (hereafter "Mortgaged Property"), executed by Matthew Milligan, Debtor Melinda Sue Carmichael, and Danny Carmichael, whom the Court believes is the husband of Debtor. The mortgage was properly recorded. The improvements on the Mortgaged Property included a 1999 Duchess Limited manufactured home (hereafter "Manufactured Home"), which is personal property under Kansas law. The lien in the personal property described in the mortgage was not perfected.

Debtor Melinda Sue Carmichael filed for relief under Chapter 7 on June 16, 2006. Her Schedule A includes her interest as joint tenant of the Mortgaged Property, with a value of $120,000 and subject to a secured claim of $70,000. The property is claimed as her exempt homestead on Schedule C. Schedule D includes the claim of Lender secured by the mortgage, and Schedule H lists Matthew Milligan as a codebtor as to Lender's claim.

On March 13, 2007, Lender filed a motion for relief from stay to foreclose its mortgage, alleging that the promissory note was in default.[3] On May 18, 2007, the

---

[3] Doc. 23.

Chapter 7 Trustee filed a Complaint for Avoidance of Non-Perfected Security Interest in the Manufactured Home, asserting that under Kansas law Lender's interest in Debtor's interest in the Manufactured Home was not perfected on the date of filing.[4] An agreed journal entry and order was filed in the lien avoidance action on June 28, 2008,[5] finding that one-half[6] of Lender's lien interest in the Manufactured Home was avoided and preserved for the benefit of the estate. On August 1, 2008, an order granting Lender's motion for relief from stay was filed.[7] That order recites that one-half of Lender's lien in the Manufactured Home had been avoided and preserved for the benefit of the estate and allows Lender to commence foreclosure proceedings in state court as to the Mortgaged Property, with the Trustee being an *in rem* defendant with respect to the avoided lien interest in the Manufactured Home.

On December 3, 2009, the Trustee filed his Complaint in the instant proceeding. The Complaint alleges that the Manufactured Home is titled in the names of Debtor and Matthew Milligan, and that Mr Milligan claims a one-half interest in the home.[8] After

---

[4] *Nazar v. Equity One, Inc.*, Case no. 06-10952, Adv. no. 07-5176, doc. 1 (Bankr. D. Kan. May 18, 2007) (hereafter cited as *Lien Avoidance Action*, Adv. no. 07-5176).

[5] *Id.*, doc. 34.

[6] The Trustee appears to have assumed that Debtor owned a one-half interest in the Mortgaged Property. The record does not include evidence supporting this position.

[7] Doc. 70.

[8] There is indication in the body of the Complaint, paragraph 10, that the Trustee intended to join Debtor's "former spouse, Danny Carmichael," as a defendant, but he is not named in the caption and the record does not indicate that a summons was issued to him.

4

alleging that he has successfully avoided the unperfected lien granted by Debtor to Lender in the Manufactured Home, the Trustee asserts that "[u]nder the provisions of 11 U.S.C. § 363(h),[9] the trustee is empowered and allowed to sell the co-tenant's interest in real property." The relief requested by the Trustee is stated in paragraph 14, as follows:

> The trustee requests the Court for an order of turnover, requiring the avoided interest be turned over to the trustee, that the Court order the sale of real property, including the interest of both the debtor and the co-tenant, that such order provide for the allocation of proceeds that the sale of co-tenant's interest will encompass the sale of 100% of the real property, including the real property interest secured to Equity One, Inc. Popular Mortgage Servicing, Inc. Upon the sale, the trustee will allocate the respective proceeds to the respective parties, including Equity One, Inc., Popular Mortgage Servicing, Inc. to the extent of the value of its interest, to the value of the interest of the co-tenant and to the bankruptcy estate.[10]

The relief sought is in accord with a proposed settlement agreement filed in the Trustee's lien avoidance action to which the Debtor objected.[11] That proposed agreement, which was not approved by the Court, provides in part:

> The Trustee will subsequently prepare and file a Complaint to Sell Homestead Pursuant to Fed. R. Bankr. P. 7001(3) and 11 U.S.C. § 363(h) by Agreement of the Trustee and Popular Mortgage [Lender] with service upon Melinda Sue Carmichael and Matthew Milligan, co-owners of the

---

[9] Future references in the text to Title 11 of the United States Code shall be to the section number only.

[10] Doc. 1.

[11] *Lien Avoidance Action*, Adv. no. 07-5176, doc. 22 (Proposed settlement agreement between Lender and Trustee) and doc. 24 (Debtor's objection).

5

homestead.[12]

Debtor, pro se, answered the Complaint.[13] She requested the Court to "deny any order for turnover or sale of the property." Included in the answer is the allegation that "Matthew Milligan is not mentioned on the title of the manufactured home, has NEVER been on the manufactured home title, was briefly on the property title of the land, but released any rights to this property." The answer also alleges that the real property "is owned by Melinda Carmichael and Daniel Carmichael who have lived on the property since 1997."[14] The Court therefore finds that there are controversies of fact as to who held ownership interests in both the real and personal property interests of the Mortgaged Property on the date of filing and at the present time. However, the dispute is not material because, for the reasons stated below, the Court finds as a matter of law that the

---

[12] *Id.*, doc. 22. The proposed settlement agreement also provides:

(d) Popular assents to the Trustee selling the entire homestead constituting the Debtor's and non-Debtor's entire interests (real property and improvements) pursuant to 11 U.S.C. § 363(h);

(e) the Trustee will by a complaint pursuant to Fed. R. Bankr. P. 7001(3) and 11 U.S.C. § 363(h) sell the Debtor's and non-Debtor co-tenant's interests in the homestead;

(f) the parties will divide the proceeds of such sale by initially deducting from the gross proceeds the Trustee's fees and costs for selling the homestead, then allocating 16.2834% of the after costs proceeds to Popular for the value of the real property portion of the homestead, and then finally dividing the remaining proceeds between the Trustee and Popular for the value of the improvement portion of the homestead;

(g) any net proceeds remaining after satisfying the lien interests between the Trustee and Popular will be held pending further order of the Court.

[13] Doc. 5.

[14] *See also Lien Avoidance Action*, Adv. no. 07-5176, doc. 24 (Debtor's Objection to Proposed Settlement Agreement between Trustee and Popular Mortgage Services, Inc., stating, "Matt Milligan transferred by Quit Claim deed his interest to Mrs. Carmichael on March 31, 2008.").

6

relief requested by the Trustee is not authorized by § 363(h).

Lender also answered the Complaint, praying that the relief sought by the Trustee be denied.[15] Among other things, Lender's answer asserts that: The Trustee has avoided only the lien in a one-half interest in the Manufactured Home; Lender retains a lien in the real property and a one-half interest in the manufactured home; and having obtained relief from stay, Lender is entitled to sell the real property and the Manufactured Home pursuant to non-bankruptcy law in a state court proceeding.

On June 30, 2010, Debtor, through counsel, filed a motion for summary judgment, contending that the Trustee has no legal basis to sell the property under § 363(h).[16] She asserts that judgment should be entered in her favor because the Trustee has failed to recognize that the estate's interest is limited to the avoided lien and since there was no objection to her claim of exemption of the Mortgaged Property as her homestead, it is no longer property of the estate. The Trustee responds[17] that the motion should be denied because it does not conform to the requirements of Federal Rule of Civil Procedure 56. Further, the Trustee asserts that the exemption of the homestead is irrelevant and because, upon avoidance of the mortgage lien on Debtor's interest in the Manufactured Home, he stands in the shoes of the avoided lien holder, he has "every legal right to seek relief from

---

[15] Doc. 7.

[16] Doc. 27.

[17] Doc. 30.

7

the defendant as the party in possession of the real estate and the manufactured home."[18] Lender's response to the motion for summary judgment takes no position on the merits, asserting that because the motion seeks no relief from Lender, no response to the motion is required.[19]

**ANALYSIS AND CONCLUSIONS OF LAW.**

The basis for Debtor's motion for summary judgment is the legal position that the estate's interest is limited to a one-half interest in the lien on the Manufactured Home and this interest is not sufficient to force a sale of the entire Mortgaged Property under § 363(h). The Court agrees.

A trustee's power to sell estate property is addressed by § 363. Subsection (b) provides that, upon notice and hearing, the Trustee may sell property of the estate other than in the ordinary course of business. The sale is this case is clearly not in the ordinary course. Subsection (c) provides for the Trustee to sell estate property in the ordinary course of business of the debtor without notice or hearing. Subsection 363(h) addresses sales under (b) and (c) when co-owners also have an interest in the property to be sold. It provides:

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only

---

[18] *Id.*, p. 5.

[19] Doc. 34.

8

>   if —
>   (1) partition in kind of such property among the estate and such co-owners is impracticable;
>   (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>   (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>   (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

The introductory phrase of § 363(h) defines the scope of the subsection by referring to the trustee's sale of property under § 363(b) and (c). As discussed above, both of these subsections provide for the sale of estate property. Therefore subsection (h) allows sale of the estate's interest and a co-owner's interest only when the estate has an interest in the property, such as when the estate succeeds to the debtor's partial interest.[20]

When a case is commenced, the estate is comprised of all interests of the debtor in property.[21] However, once property has come into the estate, the debtor is entitled to claim those exemptions permitted by the Code. "An exemption is an interest withdrawn from the estate . . . for the benefit of the debtor."[22] If an exemption is claimed and there is not an objection, the exemption is allowed, and the property is no longer property of the

---

[20] 3 *Collier on Bankruptcy* ¶ 363.08[3] (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 16th ed. 2010).

[21] 11 U.S.C. § 541(a).

[22] *Owen v. Owen*, 500 U.S. 305, 308 (1991).

estate.[23]  In this case, Debtor claimed the Mortgaged Property as her exempt homestead. There was no objection.  The Mortgaged Property is not property of the estate.  As stated by a leading commentator addressing sales under § 363(h), "where the debtor's interest is exempted, the estate no longer has an interest that it may sell."[24]  Likewise, a Chapter 13 debtor may not sell her homestead under § 363(f).[25]  "Since the [homestead] property is no longer property of the estate, § 363 in general and § 363(f) in particular are not applicable to the debtor's sale."[26]

Subsection 363(h) therefore does not empower the Trustee to sell the homestead property.  The Trustee's argument in opposition to Debtor's motion for summary judgment that the exempt status of the homestead is irrelevant is misplaced.  When the Trustee avoided the lien granted by Debtor in the Manufactured Home, the avoided lien and only the avoided lien became property of the estate under § 541(a)(4).  The only property interest which the Trustee may sell under § 363(b) is the estate's one-half interest in the unperfected lien in the Manufactured Home.  The Trustee has no authority under § 363(h) to sell the entire homestead as a method to realize the value of that avoided lien.[27]

---

[23] 11 U.S.C. § 522(l).

[24] 3 *Collier on Bankruptcy* ¶ 363.08.

[25] *In re Penniston*, 206 B.R. 948, 949 (Bankr. D. Minn. 1997).

[26] *Id.*

[27] In so holding, the Court leaves for another day the question whether the Trustee under 11 U.S.C. § 363(h) could sell the entire lien interest in the Manufactured Home, including the Lender's

The Trustee's problem, which he is attempting to solve by this adversary proceeding, is how to realize the value of the avoided lien for the benefit of creditors. The Court holds that the method chosen by the Trustee in this case is not authorized by the Code. It is the combined effect of the exemption of the homestead and the limited consequences of lien avoidance which create the difficulty. If the Mortgaged Property were not the exempt homestead, Debtor's interest on the Mortgaged Property, including the Manufactured Home, would be property of the estate and subject to sale by the Trustee under § 363(b). However, since Debtor's interest in the property the Trustee seeks to sell is Debtor's exempt homestead, § 363(b) does not authorize the sale and § 363(h) is unavailable. As to lien avoidance, under § 544, the Code provides the Trustee no specific remedies other than automatic lien preservation under § 551.[28] "Section 551 preserves only 'transfers' and 'liens.' Related ancillary rights held by the party whose lien has been avoided are not preserved for the benefit of the estate."[29] Hence, upon lien avoidance, the trustee "receives only the bundle of rights given him by Congress in the Bankruptcy Code,"[30] the status of a holder of an unperfected lien.

The consequences of that status have been frequently litigated. In the Tenth

---

remaining one-half interest. The Trustee is not seeking this relief.

[28] As to some avoided transfers, § 551 permits the recovery of property or a judgment against the transferee of the avoided transfer, but the Tenth Circuit has held that the § 550 remedy is available in the court's discretion only when preservation of the lien is inadequate to restore the estate. *Rodriguez v. Drive Financial Services, L.P. (In re Trout)*, 609 F.3d 1106 (10th Cir. 2010).

[29] 5 *Collier on Bankruptcy* § 551.02.

[30] *Morris v. St. John Nat. Bank (In re Haberman)*, 516 F.3d 1207, 1212 (10th Cir. 2008).

11

Circuit, the leading case as to the trustee's rights following lien avoidance is *Haberman*.[31] The trustee in *Haberman* contended that upon avoidance pursuant to § 544 of an unperfected lien in a vehicle, he was entitled to all of the rights of the creditor whose lien had been avoided, including the right to enforce the debtor's contractual promises to the creditor. The Tenth Circuit rejected this position. The court held the trustee is entitled to only the "same rights in the collateralized property that the original lender enjoyed,"[32] and these rights do not include contractual promises to future payments.[33] Before *Haberman* was decided, the Tenth Circuit BAP in *Rubia*[34] considered the consequences of the Chapter 7 trustee's avoidance of a preferential perfection of a lien in a motor vehicle. It held that the fact of avoidance does not entitle the trustee to collect postpetition loan payments from the debtor and that the value of the estate's lien interest is the value of the creditor's lien on the petition date. It is measured by the value of the collateral, but is limited by the amount of the debtor's debt to the creditor on the petition date. The *Rubia* court expressly did "not explain how the estate realizes its claim against" the collateral.[35] The bankruptcy courts in this district have held that the trustee is not permitted to enforce the estate's lien by foreclosure if the debtors have not defaulted on an agreement to pay

---

[31] *Id*

[32] *Id*. at 1210.

[33] *Id*. at 1211.

[34] *Morris v. Vulcan Chemical Credit Union (In re Rubia)*, 257 B.R. 324 (10th Cir. BAP 2001).

[35] *Id*. at 328, n. 5.

12

the lien amount to the trustee.[36] Granting the Trustee the relief he seeks under § 363(h) would be similar to allowing foreclosure.

The result of these rulings applied to the facts of this case illustrates that avoidance under § 544 of a lien in exempt property based upon failure to perfect under applicable state law may operate, at least during the bankruptcy case, to benefit primarily the debtor. Since the transfer of the lien in the Manufactured Home by Debtor to Lender has been avoided, the value of Lender's secured claim is reduced by the value of the avoided lien, and Debtor may be entitled to discharge of the unsecured portion of Lender's claim.[37] The Trustee holds an unperfected lien in the Manufactured Home, but there is no readily available means to realize that value. Although this result may not have been intended by Congress, it is Congress that must provide a remedy.

In the circumstances of this case, the Trustee appears to have at least three alternatives, none of which include sale under § 363((h). First, the Trustee could sell the estate's lien interest to a third party, such as Lender or another entity. Second, the Trustee could enter into an agreement with Debtor for release of the lien upon receipt of a lump sum or periodic payments. Third, the Trustee could await foreclosure by Lender, during which process the estate would receive the value of its interest.

---

[36] *See Morris v. Citifinancial (In re Trible)*, 290 B.R. 838, 846 (Bankr. D. Kan. 2003) (stating that the calculation of the value of the estate's avoided lien in a mobile home "should in some manner reflect what the estate would recover if it were legally permitted to enforce its lien by foreclosure"); *Morris v. Becker (In re Becker)*, Case no. 99-14430, Adv. no. 04-5101, Memorandum and Order on Trustee's Complaint to Determine Rights Following Lien Avoidance, at note 10 (Bankr. D. Kan. June 2, 2005).

[37] *See Rubia*, 257 B.R. at 327.

For the foregoing reasons, the Court holds as a matter of law that the Trustee may not sell the Mortgaged Property pursuant to § 363(h).

The Trustee also opposes the Motion for Summary Judgment on the ground that the memorandum in support does not comply with District of Kansas Local Rule 56.1,[38] which provides in part:

> The memorandum or brief in support of a motion for summary judgment must begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists. The facts must be numbered and refer with particularity to those portions of the record upon which movant relies.

The Trustee argues that Debtor's memorandum does not include a separate statement of facts and argument is mingled with facts. The Court agrees that the memorandum does not conform to the rule, but rejects the irregularities as a basis to deny the motion. The only facts which are material to resolution of the issue of law presented by the motion are uncontroverted and revealed in the record in this proceeding, Debtor's bankruptcy case, and the related lien avoidance adversary proceeding. The parties have presented their legal arguments in a straightforward manner. The procedural irregularities did not create an impediment to the Trustee's response to the motion or the Court's consideration of the merits of the motion.

The Court therefore grants Debtor's Motion for Summary Judgment on the Plaintiff-Trustee's Complaint for Turnover and Complaint for Sale of Co-Tenant's

---

[38] D. Kan. Rule 56.1(a) (2010).

Interest.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure which makes Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.  A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 7058 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED**.

# # #